IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANILO NAPALA, ) | Civ. No. 10-00410 ACK-KSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| VALLEY ISLE LOAN LLC AND ) | |
| CAROLYN DAN, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

**PROCEDURAL BACKGROUND**

**I.   The Current Federal Proceedings**

On July 19, 2010, Danilo Napala ("Plaintiff") filed a complaint against Valley Isle Loan LLC and Carolyn Dan (together, "Defendants"). Plaintiff alleges that he has current title to the federal trademark "Cash 4 Gold." Compl. ¶¶ 2,6. Plaintiff also alleges that the pseudo marks "Cash for Gold" and "Cash Four Gold" were assigned to Plaintiff to avoid confusion. Compl. ¶ 8. Plaintiff alleges that Defendants are committing infringement by using the pseudo mark "Cash for Gold" in violation of 15 U.S.C. § 1114(1)(a) and 15 U.S.C. § 1125(a). Compl. ¶ 14(a). Plaintiff also alleges that Defendants may be committing "deceptive acts and unlawful practices" under H.R.S. 481A (Compl. ¶ 14(b)) and that Defendants may be using unfair methods of competition under H.R.S. § 480-2 and 480-3 (Compl. ¶ 14(c)).

On August 24, 2010, Defendants filed a Motion to Dismiss ("Defendants' Motion"). Doc. No. 7. In support of Defendants' Motion, Defendants also filed a Concise Statement of Facts ("Defendants' CSF"), a Declaration of Paul Maki ("Maki Decl."), and Exhibits A-E. Doc. No. 8. On September 8, 2010, Plaintiff filed an Objection to Defendant's Motion to Dismiss and Report to the Court. Doc. No. 11. The Court construes this document as Plaintiff's Opposition. Plaintiff's Opposition attaches four exhibits. Defendants' reply brief, if any, was due on Friday, October 8, 2010. See D. Haw. Local Rules 6.1 & 7.4. The Court did not receive any reply brief.

Defendants' Motion was heard on October 25, 2010.

**II. State Court Proceedings**

On September 9, 2009, Valley Isle Loan LLC, a defendant here, together with Richard Dan (the "State Court Plaintiffs"), filed a complaint in the Circuit Court of the Second Circuit, State of Hawai'i against the Cash4Gold Corporation and Danilo Napala, the Plaintiff here ("State Court Complaint"). The State Court Complaint alleges that Danilo Napala and the Cash4Gold Corporation, by their use of the mark CASH4GOLD, were (1) infringing the State Court Plaintiffs' rights under the Lanham Act; (2) acting deceptively in violation of H.R.S. Chapter 481; (3) acting in violation of H.R.S. § 480-2; and (4) infringing the common law rights of the State Court Plaintiffs. Defendants' CSF

¶ 1 (citing Maki Decl. Ex. A (the State Court Complaint)).

On April 28, 2010, the State Court Plaintiffs filed a motion seeking entry of a judgment and permanent injunction against the Cash4Gold Corporation; that motion was heard and granted by the state court on July 14, 2010.  Defendants' CSF ¶ 2 (citing Maki Decl. ¶ 3).  On August 17, 2010, the state court, formalizing the result of the July 14, 2010 hearing, entered a judgment in favor of the State Court Plaintiffs and against the Cash4Gold Corporation.[1]  Defendants' CSF ¶ 3 (citing Maki Dec. ¶ 4, Ex. B (Final Judgment and Permanent Injunction Against Defendant Cash4Gold Corporation, filed Aug. 17, 2010 in the Circuit Court of the Second Circuit State of Hawaii ("Final Judgment and Permanent Injunction"))).  The Final Judgment and Permanent Injunction provides that the Cash4Gold Corporation and

> its officers, directors, shareholders, agents and employees and all others in active concert with them are hereby permanently enjoined and restrained from:
> . . .
> B. Conducting any business any where in the State of Hawai`i using the name or mark 'CASH4GOLD' or any other name or mark that is likely to be confused with 'CASH FOR GOLD'.

Defendants' CSF ¶ 3 (Maki Decl. Ex. B).

## FACTUAL BACKGROUND[2]

---

[1] Evidently no judgment was entered against Mr. Napala.

[2] The facts in this Order are recited for the limited purpose of deciding the instant motion to dismiss.  The facts shall not be construed as findings of fact upon which the parties may rely upon in future proceedings in this case.

Plaintiff and Defendants both appear to operate as second hand dealers and pawn brokers on Maui.  <u>See</u> Maki Decl Ex. A at ¶ 6.  Danilo Napala, the Plaintiff here, is the sole shareholder of the Cash4Gold Corporation, as well as an officer and director of that corporation.  Defendants' CSF ¶ 4 (citing Maki Decl. Ex. C at 26:14-27, the deposition of Danilo Napala).  Plaintiff alleges that he is the owner of a federal trademark registration of CASH 4 GOLD, USPTO Reg. No. 3,503,336.  Compl. ¶ 2, 6.  Plaintiff also asserts that the Cash4Gold Corporation has no physical business location in Maui and that it is doing business in Hawaiʻi as Moneygold.  Opposition at 2-3.

The Cash4Gold Corporation was the applicant for and the original owner of Reg. No. 3,503,336.  Defendants' CSF ¶ 7 (citing Maki Decl. Ex. D (a true and accurate copy of the USPTO's certificate of registration for Cash 4 Gold, Registration No. 3,503,336 on the Supplemental Register) and Ex. E (a true and accurate copy of the USPTO's Trademark Assignment Abstract of Title for registration for Cash 4 Gold, Registration No. 3,503,336 reflecting the assignment of the registration from Cash4Gold Corporation to Danilo Napala)).  The Cash4Gold Corporation assigned that registration to Mr. Napala in November 2009, after commencement of the State Court Action.  <u>Id.</u>

The State Court Complaint alleges that Richard Dan "is, and for over twenty five years has been, the owner of a State of

Hawai'i trade name registration for CASH FOR GOLD.  During this entire period, through and including the present time, plaintiff Dan and his affiliated businesses have been using CASH FOR GOLD in the State of Hawai'i as both a trade name and a service mark." Defendants' CSF, Ex. A at 2, ¶ 7.

## **STANDARD**

Defendants have brought this motion as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  However, as Defendants acknowledge, because they have submitted materials beyond the parameters of the complaint, Federal Rule of Civil Procedure 12(d) provides that their motion must be treated as one for summary judgment under Federal Rule of Civil Procedure 56.  See Defendants' Motion at 4; Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").  Plaintiff has been provided the requisite notice, both by Defendant's Motion itself and by the Court at the hearing on Defendant's Motion.  Plaintiff has also submitted some exhibits with his Opposition and was given the opportunity to present any additional evidence.

**I.      Summary Judgment Standard**

The purpose of summary judgment is to identify and dispose of factually unsupported claims and defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Summary judgment is therefore appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

"A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case. A 'genuine issue' of material fact arises if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)) (internal citation omitted).[3/] Conversely, where the evidence could not lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 289 (1968)). The moving party has the burden of persuading the court as to the

---

[3/] Disputes as to immaterial issues of fact do "not preclude summary judgment." Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986).

absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323; Miller v. Glenn Miller Productions, 454 F.3d 975, 987 (9th Cir. 2006).  The moving party may do so with affirmative evidence or by "'showing'--that is pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case."  Celotex, 477 U.S. at 325.[4]

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment.  See Celotex, 477 U.S. 323; Matsushita Elec., 475 U.S. at 586; Cal. Arch. Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).[5]  The nonmoving party must instead set forth "significant probative evidence" in support of its position.  T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.

---

[4] When the moving party bears the burden of proof at trial, that party must satisfy its burden with respect to the motion for summary judgment by coming forward with affirmative evidence that would entitle it to a directed verdict if the evidence were to go uncontroverted at trial.  Miller, 454 F.3d at 987 (quoting C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc., 213 F.3d 474, 480 (9th Cir. 2000)).  When the nonmoving party bears the burden of proof at trial, the party moving for summary judgment may satisfy its burden with respect to the motion for summary judgment by pointing out to the court an absence of evidence from the nonmoving party.  Miller, 454 F.3d at 987.

[5] Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact.  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002); see also, T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

1987).  Summary judgment will thus be granted against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial.  See Celotex, 477 U.S. at 322. When evaluating a motion for summary judgment, the court must construe all evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.  See T.W. Elec. Serv., 809 F.2d at 630-31.[6/]  Accordingly, if "reasonable minds could differ as to the import of the evidence," summary judgment will be denied.  Anderson, 477 U.S. at 250-51.

**II.  Special Considerations for a Pro Se Litigant**

A pro se litigant's pleadings must be read more liberally than pleadings drafted by counsel.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  When a plaintiff proceeds pro se and technically violates a rule, the court should act with leniency toward the pro se litigant.  Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986); Pembrook v. Wilson, 370 F.2d 37, 39-40 (9th Cir. 1966). However, "a pro se litigant is not excused from knowing the most basic pleading requirements."  American Ass'n of Naturopathic

---

[6/] At the summary judgment stage, the court may not make credibility assessments or weigh conflicting evidence.  Anderson, 477 U.S. at 249; Bator v. State of Hawaii, 39 F.3d 1021, 1026 (9th Cir. 1994).

Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citations omitted).

Before a district court may dismiss a pro se complaint for failure to state a claim upon which relief can be granted, the court must provide the pro se litigant with notice of the deficiencies of the complaint and an opportunity to amend it if the deficiencies can be cured, prior to dismissal. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); Eldridge, 832 F.2d at 1136. However, the court may deny leave to amend where amendment would be futile. Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002) (citing Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 247 (9th Cir. 1990) (per curiam)); Eldridge, 832 F.2d at 1135-36. Similarly, "when the district court transforms a motion to dismiss into a motion for summary judgment, it must inform a plaintiff who is proceeding pro se that it is considering more than the pleadings and must afford a reasonable opportunity to present all pertinent material." Lucas v. Dept. of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

Defendants have filed a motion to dismiss Plaintiff's Complaint with prejudice on the grounds that "a Hawai'i state court judge has entered a final judgment which prohibits Danilo Napala, the Plaintiff here, from making any use in Hawai'i of the

very mark that Mr. Napala, by this federal action, seeks to prevent the Defendants from using."[7/]  Defendants' Motion at 1. Thus, Defendants argue that Plaintiff's claims here are barred by the doctrine of claim preclusion (res judiciata).  See Defendants' Motion at 6.

> Under the doctrine of res judicata,
>
> The judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided.

Stanley v. Goodwin, 475 F. Supp. 2d 1026, 1036 (D. Haw. 2006) (citing Bush v. Watson, 81 Hawai'i 474, 479-80, 918 P.2d 1130, 1135-36 (Haw. 1996)).  To determine whether a state court decision precludes a party from litigating a claim or issue in federal court, the federal court must apply the res judicata rules of the state court in which the prior judgment was rendered.  See Manufactured Home Cmtys., Inc. v. San Jose, 420 F.3d 1022, 1031 (9th Cir. 2005).  Therefore, Hawai'i law is applicable to the case at hand.

As the Ninth Circuit has explained:

---

[7/] As noted above, Defendants have submitted materials beyond the parameters of the complaint, and thus, pursuant to Federal Rule of Civil Procedure Rule 12(d), the Motion must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56.

> In Hawaii the doctrine [of res judicata] is applied in a robust way. That is based upon the Hawaii Supreme Court's insistence that parties should be spared unnecessary vexation, expense, and inconsistent results; that judicial resources shall not be wasted; and that the 'legal efficacy' of final judgments shall not be undermined, but rather that final determinations 'by competent tribunals shall be accepted as undeniable legal truth.' Thus, while everyone is given the opportunity to present a case, that is 'limited to one such opportunity.'

Albano v. Norwest Fin. Hawaii, Inc., 244 F.3d 1061, 1063 (9th Cir. 2001) (internal citations omitted).

Hawai'i courts look to three critical elements to determine whether the doctrine of res judicata is applicable: (1) "Was the issue decided in the prior adjudication identical with the one presented in the action in question?"; (2) "Was there a final judgment on the merits?"; and (3) "Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" See Santos v. State of Hawai'i, Dep't of Transp., 64 Haw. 648, 653, 646 P.2d 962, 966 (Haw. 1982).

This Court has previously framed the analysis under these three critical issues as follows:

> Claim preclusion is applicable only where (1) the claim asserted in the action in question was or could have been asserted in the prior action; (2) the parties in the present action are identical to, or in privity with, the parties in the prior action; and (3) a final judgment on the merits was rendered in the prior action.

Stanley, 475 F. Supp. 2d at 1036 (citing Pedrina v. Chun, 906 F. Supp. 1377, 1399 (D. Haw. 1995), aff'd 97 F.3d 1296 (9th Cir.

1996)); see also Spinney v. Greenwich Capital Fin. Prods., Inc., No. 05-00747 ACK-KSC, 2006 WL 1207400, * 5 (D. Haw. May 3, 2006).

**I.    Same Claim**

"To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or a series of connected transactions, as the 'claim' asserted in the first action." Kauhane v. Acutron Co., Inc., 71 Haw. 458, 464, 795 P.2d 276, 279 (Haw. 1990).  Thus, res judicata precludes not only the issues that were actually litigated in the first action, but also all grounds of claim and defense that might have been properly litigated in the first action, even where those grounds were not actually litigated or decided.  See Bush, 81 Haw. at 480, 918 P.2d at 1136; Santos, 64 Haw. at 652, 646 P.2d at 965.

Defendants argue that this factor is met as the Plaintiff here seeks to assert claims that were resolved to his detriment in the state court action.  Defendants' Motion at 7. The Court agrees.  At base, both the State Court Complaint and the Complaint in this case assert that the Plaintiff here is using the mark "Cash4Gold" and the Defendants here are using the mark "Cash For Gold."  The issue is who is infringing on whom.

The State Court Complaint alleges that Richard Dan
>    is, and for over twenty five years has been, the owner
>    of a State of Hawai'i trade name registration for CASH

> FOR GOLD.  During this entire period, through and
> including the present time, plaintiff Dan and his
> affiliated businesses have been using CASH FOR GOLD in
> the State of Hawai'i as both a trade name and a service
> mark.

Maki Decl. Ex. A at ¶ 7.  The State Court Complaint also alleges that "[d]ue to plaintiff's [Valley Isle Loan LLC and Richard Dan's] long use and substantial advertising in Hawai'i, plaintiff Dan's CASH FOR GOLD name and mark are well recognized in Hawai'i as being the source of services provided by plaintiff Dan and his affiliates."  Maki Decl. Ex. A at ¶ 8.  The State Court Complaint further alleges that "Defendants [Cash4Gold Corporation dba Maki Gold and Danilo Napala] have been and at the time of the filing of this complaint are conducting business throughout the State of Hawai'i, including Maui County using the name and mark CASH4GOLD which is substantially identical to plaintiff Dan's name and mark" and that "Plaintiff Dan has not authorized or consented to this use by defendants."  Maki Decl. Ex. A at ¶¶ 9-10. Plaintiffs in the State Court Action then set out five counts: (I) Operation in Violation of State Law (arising under H.R.S. Chapters 445 (part VII) and 486M); (II) Infringement of Service Mark (arising under §43(a) of the Lanham Act (15 U.S.C. § 1125(a))); (III) Deceptive Trade Practices (arising under H.R.S. Chapter 481A); (IV) Unfair Methods of Competition (arising under H.R.S. § 480-2 and § 480-13); (V) Common Law Infringement and Unfair Competition.

In the Complaint in this case, Mr. Napala alleges that he is the owner of the trademark "Cash 4 Gold" per United States Patent and Trademark Office ("USPTO") registration no. 3,503,336. Compl. ¶ 6.  Mr. Napala alleges that he was also assigned the pseudo marks "Cash Four Gold" and "Cash For Gold" by the USPTO. Id. ¶ 8.  Mr. Napala alleges that "[b]y the actions and use by the Defendants of Plaintiff['s] Trademark; defendants have infringed and will continue to infringe Plaintiff[']s trademark and are likely to cause further confusion, mistake and to deceive consumers in violation of trademark laws."  Id. ¶ 9.  Mr. Napala asserts that the issues are: (1) whether Defendants committed infringement against Plaintiff's trademark by using the pseudo mark "Cash For Gold" in violation of 15 U.S.C. § 1114(1)(a) and § 43(a) of the Trademark Act of 1946 (also known as the Lanham Act, 15 U.S.C. § 1125(a)); (2) whether Defendants committed deceptive acts and unlawful practices in violation of H.R.S. Chapter 481A by using the pseudo mark "Cash For Gold"; and (3) whether the Defendants' use of the pesudo mark "Cash For Gold" is an unfair method of competition in violation of H.R.S. §§ 480-2 and 480-3. Compl. ¶ 14.

Reviewing Plaintiff's Complaint, it is clear that this prong of the res judicata claim is met.  All of Mr. Napala's claims are virtual mirror images of the claims alleged against him in State Court.  The only difference is that in the State

Court Complaint, the Plaintiffs there also alleged "Operation in violation of state law" as well as "Common Law Infringement and Unfair Competition." Thus, the claims asserted in this action clearly arise out of the same transaction, or series of connected transactions, as the claims asserted in the first action. See Kauhane, 71 Haw. at 464, 795 P.2d at 279.

**II.  Same Parties**

Res judicata also requires that the parties to the second action are the same as, or in privity with, the parties to the first action. See Stanley, 475 F. Supp. 2d at 1036; Spinney, 2006 WL 1207400 at *7. Under Hawai'i law, the "concept of privity has moved from the conventional and narrowly defined meaning of 'mutual or successive relationship[s] to the same rights of property' to 'merely a word used to say that the relationship between one who is a party of record and another is close enough to include that other within res adjudicata.'" Spinney, 2006 WL 1207400 at *7 (citing In re Dowsett Trust, 7 Haw. App. 640, 646, 791 P.2d 398, 402 (Haw. App. 1990)).

In this case, there is exact identity for at least one party on both sides. The Plaintiff here (Danilo Napala) was a defendant in the prior case and the Defendant here (Valley Isle Loan LLC) was a plaintiff in the prior case. Furthermore, Defendants assert that Mr. Napala is also in privity with the other defendant in the prior action, the Cash4Gold Corporation,

as he is the sole shareholder and an officer and director of that corporation. See Defendants' Motion at 7; Defendants' CSF ¶ 4 (citing Ex. C, the deposition of Danilo Napala). The Court agrees that Mr. Napala's relationship with the Cash4Gold Corporation demonstrates the closeness required for privity. See Aloha Unlimited, Inc. v. Coughlin, 79 Hawai'i 527, 537, 904 P.2d 541, 551 (App. 1995) (finding privity between a corporation and its sole shareholder); see also Pedrina v. Chun, 906 F. Supp. 1377, 1404 (D. Haw. 1995) aff'd 97 F.3d 1296 (9th Cir. 1996) (finding that certain parties sued as officers of a corporation were "clearly in privity with the corporation. Their interests and involvement in the alleged events are identical to that of [the corporation] and they stand in the same position with respect to these actions as the corporation. Accordingly they may invoke claim preclusion to the same extent as [the corporation].").

The Court finds Mr. Napala is in privity with the Cash4Gold Corporation for three reasons. First, Mr. Napala is the sole shareholder and an officer and director of the Cash4Gold Corporation. Second, the Cash4Gold Corporation assigned the registered trademark Cash4Gold to Mr. Napala during the pendency of the State Court Litigation. See Defendants' CSF ¶ 7, Ex. E. Thus, Mr. Napala has the exact same interest the Cash4Gold Corporation had. This is a classic situation in which privity

applies as the parties have successive rights to the same property. See Spinney, 2006 WL 1207400 at *7 (citing In re Dowsett Trust, 7 Haw. App. 640, 646, 791 P.2d 398, 402 (Haw. App. 1990)) (explaining that under Hawai'i law, the "concept of privity has moved from the conventional and narrowly defined meaning of 'mutual or successive relationship[s] to the same rights of property' to 'merely a word used to say that the relationship between one who is a party of record and another is close enough to include that other within res adjudicata.'").

Third, the Final Judgment and Permanent Injunction that was entered in State Court, explicitly details that "Defendant CASH4GOLD CORPORATION and its officers, directors, shareholders, agents and employees and all others in active concert with them are hereby permanently enjoined and restrained . . . ." Defendants' CSF, Ex. B. Thus, by its very terms the Final Judgment and Permanent Injunction already applies to Mr. Napala.

The precise identity of Carolyn Dan is not apparent from Plaintiff's Complaint. At the hearing, Defense counsel indicated that Carolyn Dan and Richard Dan are husband and wife. Privity and fairness exist if a party represented the interests of a non-party, such as a guardian or fiduciary might represent a ward or beneficiary. See Ing v. U.S., No. 92-00625 HMF, 1993 WL 596257, *4 (D. Haw. Nov. 30, 1993) aff'd 73 F.3d 369 (9th Cir. 1995) (finding a wife in privity with her husband because her

husband had previously adequately represented her interests in state court).  Moreover, as the Complaint does not set forth any allegations against Carolyn Dan specifically, the Court finds that her presence as a defendant does not preclude the application of res judicata.  See Spinney, 2006 WL 1207400 at *7 (noting that only one of the named defendants in the federal action was a named defendant in the prior state action, but that the non-named defendants either testified in support of the named defendant or represented the named defendant in the state action and further noting that the federal complaint set forth no specific allegations against the non-named defendants).

### III.  Final Judgment

For res judicata to apply, the prior action must have resulted in a final decision on the merits.  Spinney, 2006 WL 1207400 at *7 (citing Bush, 81 Haw. at 480; Santos, 64 Haw. at 653).  This condition is met here.  Defendants have attached a document entitled "Final Judgment and Permanent Injunction Against Defendant Cas4Gold Corporation" filed August 17, 2010 in the Circuit Court of the Second Circuit of the State of Hawai'i.  Defendants' CSF, Ex. B.  The Final Judgment and Permanent Injunction details that "[p]ursuant to the findings of fact and conclusions of law entered herein on this date, judgment is hereby entered in favor of the plaintiffs Valley Isle Loan LLC and Richard Dan and against defendant Cash4Gold Corporation."

Id. Finally, the Final Judgment and Permanent Injunction establishes that "[p]ursuant to Rule 54(b) of the Hawai'i Rules of Civil Procedure, this is a final judgment against defendant Cash4Gold Corporation." Id. That Final Judgment has not been appealed.

Plaintiff appears to argue that res judicata should not apply because the Final Judgment and Permanent Injunction "was the result of a default judgment for not having the corporation represented by an attorney as required by Hawaii law and was not litigated." Opposition at 2. However, the Hawaii Court of Appeals has given preclusive effect to a default judgment. See Pedrina, 906 F. Supp. at 1401 (citing Quality Sheet Metal v. Woods, 2 Haw. App. 160, 164, 627 P.2d 1128 (1981)). Furthermore, based on a review of the docket for the state court action it appears that Mr. Napala filed multiple motions, including a "Motion to Set Aside Entry of Default Against Defendant Cash4Gold Corporation DBA Makigold and Summary Judgment in Favor to the Defendants," which were ruled upon prior to entry of the Final Judgment and Permanent Injunction.[8/]

**IV. Summary Regarding Applicability of Res Judicata**

In short, all of the elements necessary for res

---

[8/] The Court was able to review the docket via the Hawai'i State Judiciary Ho'ohiki, the Hawai'i State Judiciary's Public Access to Court Information. http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm.

judicata have been met in this case.  The Plaintiff here is attempting to litigate the same claims that were at issue in the State Court Lawsuit (whose mark is infringing upon whose), the parties are the same, and there was a final judgment in the prior action.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss has been treated as a motion for summary judgment and is hereby GRANTED.  All of Plaintiff's claims are barred by the doctrine of res judicata.  Plaintiff's Complaint is dismissed with prejudice.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: Honolulu, Hawai'i, November 1, 2010.



_____
Alan C. Kay
Sr. United States District Judge

Napala v. Valley Isle Loan LLC & Carolyn Dan, Civ. No. 10-410 ACK-KSC: Order Granting Defendants' Motion to Dismiss